UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21707-CIV-DAMIAN/Valle

**ROBERT MICHAEL MISIC**,

    Plaintiff,

vs.

**MARTIN O'MALLEY,** Commissioner of
Social Security Administration,

    Defendant.
_____/

### ORDER ADOPTING REPORT & RECOMMENDATION [ECF NO. 38] AND REMANDING CASE

**THIS CAUSE** came before the Court on Magistrate Judge Alicia O. Valle's Report & Recommendation, entered on August 26, 2024 [ECF No. 38 (the "Report")], on Plaintiff, Robert Michael Misic's, Motion for Summary Judgment, filed on January 12, 2024 [ECF No. 21 ("Plaintiff's Motion")], and on Defendant, Martin O'Malley, Commissioner of Social Security Administration's, Motion for Summary Judgment, filed on February 15, 2024 [ECF No. 22 ("Defendant's Motion")].

THE COURT has reviewed the Report, Plaintiff's Motion, Defendant's Motion, and the pertinent portions of the record (including the parties' memoranda [ECF Nos. 25, 31, and 32]), and is otherwise fully advised.

After carefully considering the briefing, Judge Valle issued the Report on August 26, 2024, recommending that Plaintiff's Motion be granted, Defendant's Motion be denied, and that the case be remanded to the Administrative Law Judge (the "ALJ") who issued a Decision on the matter on August 31, 2021. *See* ECF No. 38. The Report summarizes the

relevant background and procedural history, and therefore, the Court will not set out the background in detail here.

In short, between July 2016 and November 2016, more than five years after Plaintiff first began receiving monthly Disability Insurance Benefits ("DIB") payments from the Social Security Administration (the "SSA"), the SSA notified Plaintiff that he had been overpaid $139,371 in DIB from October 2007 through June 2016. *See id.* at 2. Plaintiff then requested a waiver of the overpayment on the grounds that he was not at fault for the overpayment, that he could not afford to repay the money, and that it would be unfair to require him to do so. *Id.* The SSA denied Plaintiff's request on October 2017. *Id.* A hearing before the ALJ followed, and in a Decision entered on November 23, 2021, the ALJ found that, although Plaintiff was not at fault for the overpayment, recovery of the overpayment would not be waived because recovery of the funds did not defeat the purpose of the Act and would not be against equity and good conscience. *Id.* at 3. That decision is now a "final decision" for purposes of this Court's review. *Id.*

Judge Valle determined that the ALJ's conclusion—that Defendant's recovery of the overpayment from Plaintiff would not be against equity and good conscience—was supported only by cursory statements without any discussion of the applicable regulations or relevant evidence. *See id.* at 3-8. Therefore, Judge Valle recommended that the ALJ should explicitly consider POMS GN 02250.150(B)(2) (providing example of situation in which overpayment recovery is against equity and good conscience because claimant changed his position for the worse in reliance upon the overpaid benefits) and any properly received post-hearing evidence of Plaintiff's home renovation expenses. *See id.* at 8-9. She further recommended that, in doing so, the ALJ should fully discuss the record evidence and the

rationale for the decision. Neither party filed objections to the Report, and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the through analysis and well reasoned recommendations stated in Judge Valle's Report and agrees with Judge Valle's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 38]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Motion for Summary Judgment **[ECF No. 21]** is **GRANTED**.

2. Defendant's Motion for Summary Judgment **[ECF No. 22]** is **DENIED**.

3. This matter is **REMANDED** to the Administrative Law Judge consistent with the findings rendered in the Report.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 6th day of September, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Alicia O. Valle
     counsel of record